UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SABAL TRAIL TRANSMISSION,
LLC,

    Plaintiff,

v.                                                                                                   Case No: 5:16-cv-164-JSM-PRL

1.44 ACRES OF LAND IN LAKE
COUNTY FLORIDA, CHRISTOPHER
BAUMANN, ANN MARIE
BAUMANN and UNKNOWN
OWNERS,

    Defendants.

**ORDER**

In this case, the Court granted final default judgment in favor of Plaintiff, determining that it had properly exercised its power of eminent domain and that just compensation for the parcel of land at issue is $1,500.00. (Doc. 24). On September 30, 2016, Plaintiff deposited $1,500.00 into the Court's registry, and the case was closed. (Doc. 26). Over seven years later, on October 20, 2023, the Court entered an order directing the return of the money deposited in its registry to Plaintiff. (Doc. 29). Rather than have those funds returned, Plaintiff moves under 28 U.S.C. § 2042, to deposit the money into the United States Treasury. (Doc. 30).

> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

28 U.S.C. § 2042.

- 2 -

In cases such as this one, courts find that the provisions of § 2042 are met by the entry of final default judgment that determines the amount of just compensation owed for a parcel of land and where more than five years have passed since the plaintiff deposited that amount in the court's registry. *See Fla. Gas Transmission Co. v. +/- 0.335 Acres of Land in Putnam Cnty.*, No. 3:21-CV-233-BJD-PDB, 2022 WL 267479, at *3–4 (M.D. Fla. Jan. 28, 2022); *see also United States v. Tract J29-06, 2.5 Acres of Land, More or Less, in Collier Cnty.*, No. 2:08-CV-589-FTM-29DNF, 2009 WL 4667436, at *3 (M.D. Fla. Dec. 3, 2009); *Fla. Gas Transmission Co. v. +/- 0.401 Acres of Land in Putnam Cnty.*, No. 3:21-CV-230-MMH-LLL, 2022 WL 267480, at *4 (M.D. Fla. Jan. 28, 2022); *United States v. Tract C16-10*, No. 209-CV-104-FTM-29DNF, 2010 WL 2696187, at *2 (M.D. Fla. July 6, 2010) (determining amount of just compensation in bench trial where no property owner appeared). Here, the Court entered final default judgment, holding that $1,500.00 is just compensation for the parcel, and more than five years have passed since Plaintiff deposited that amount into the Court's registry. (Docs. 24 & 29).

Accordingly, Plaintiff's motion (Doc. 30), is **GRANTED**. **The Clerk is directed to deposit the $1,500.00** of unclaimed funds and any interest accrued on those funds, into the United States Treasury in the name and to the credit of the United States.

**DONE** and **ORDERED** in Ocala, Florida on December 5, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties